## THE LIZZIE M. DUN.[1]

### THORSBERG v. THE LIZZIE M. DUN.

*(District Court, E. D. New York. March 28, 1887.)*

1. SEAMEN—WAGES—DESERTION—INTENT—DETENTION BY CIVIL AUTHORITIES.

Where a seaman went ashore without intention to desert, and while on shore was detained by the civil authorities as a witness, and meantime his vessel left the port, *held,* that this did not constitute a desertion.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

2. Same—Effects — Departure of Vessel — Effects Left Ashore — Loss — Liability of Vessel.

When the vessel departed, the master left the seaman's clothes on shore. The latter, not knowing of their disposition, did not recover them, and sued the vessel for their value. *Held,* that the vessel was not liable.

In Admiralty.

*Alexander & Ash,* for libelant.

*Carter, Hornblower & Byrne,* for claimant.

BENEDICT, J. The libelant was taken as seaman on a coasting voyage without signing articles. In course of the voyage the vessel arrived in Washington, when the libelant went ashore without intention to desert, and while in a saloon on shore was taken in custody by the police as a witness against the saloon keeper, and imprisoned eight days in a house of detention. Meanwhile the vessel left the port. The master, who was not informed of the seaman's whereabouts, when ready to sail, left the libelant's clothes for him at a ship-chandler's near where the vessel lay. The libelant, who appears not to have known of the disposition made of his clothes, went to Boston, whither he supposed the vessel to have gone, and not finding the vessel there, he took other employment, and now seeks to recover of the vessel wages up to the time he left the vessel and for the value of his clothes.

The defense as to the wages is desertion. But the facts above stated do not make out a desertion. To this case the provisions of sections 4520 and 4521 apply; for these provisions, taken from the first section of the act of July 20, 1790, (1 St. at Large, 131,) were not repealed by the act of June 9, 1874, and are still in force. *U. S.* v. *Bain,* 5 Fed. Rep. 192. Under these provisions, the libelant, not having signed articles, could leave the vessel without incurring any forfeiture of wages, and could recover for such time as he did duty on the vessel, and that at the highest rate of wages given in Baltimore within three months before the time he shipped, besides $20 penalty. He has not sued for the penalty, nor claimed any higher rate of wages than the rate at which he agreed, viz., $18 per month. His right to recover wages up to the time he left at that rate is clear. The balance due him at that rate is $33.30, and for that sum he may have a decree.

As to the clothes, I do not see that the vessel can be held liable for them. They were not used on board the vessel, and if the act of the master in delivering them to the ship-chandler under the circumstances amounted to a conversion, which I think it did not, still the ship would not be liable.

The decree must be for $33.30, and as no tender is set up or proved, costs must follow the decree.